IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., PLUMBERS' RETIREMENT SAVINGS PLAN FUND, LOCAL 130, U.A., and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | Case No.: 19 CV 6670 |
| Plaintiffs, | ) ) | Judge: Pacold |
| v. | ) ) | Magistrate Judge: Cummings |
| STARR PLUMBING, INC., | ) ) ) | |
| Defendant. | ) | |

### DECLARATION OF ANTHONY ROTTMAN PURSUANT TO 28 U.S.C. § 1746

I, Anthony Rottman, in support of the Motion for Default Judgment state as follows:

1.　At all times relevant to this action, I was employed by the Plumbers Local 130, U.A. Fringe Benefit Funds (the "Funds") as a Field Representative. As the Field Representative, I am responsible for monitoring when contributions are delinquent to the Fund, and coordinating the Funds' collection program. I maintain and/or have under my direction or supervision all books, records, documents, and papers relating to the Plaintiff Funds.

2.　I have read the Complaint filed in this action and have personal knowledge of all facts alleged therein and could so testify if called to do so.

3.　At all times relevant to this action, the Defendant was bound by a Collective Bargaining Agreement with the Plaintiff Union. A true and correct copy of the Defendant's executed

Memorandum binding them to the terms of the CBA is attached to the instant motion as **Exhibit C**.

4.      By its terms, the CBA between the Defendant and the Plaintiff Union adopted the Agreements and Declaration of Trust governing the Plaintiff Funds, and required the Defendant to make fringe benefit contributions in accordance therewith.

5.      Pursuant to the provisions of the Trust Agreements and CBA, the Defendant is required to submit monthly reports to the Plaintiff Funds which list the number of hours worked by the Defendant's bargaining unit employees and to pay contributions based thereon.

6.      Pursuant to the provisions of the Trust Agreements and CBA, the Defendant is required to submit its books and records to the Plaintiff Funds so that periodic fringe benefit compliance audits can take place. The Defendant is then required to pay all discrepancies shown to be due.

7.      The Defendant breached the provisions of the Agreement by failing to submit contributions to the Plaintiff Funds.  Specifically, the Defendant breached the provisions of the Agreement by failing to submit fringe benefit contributions to the Plaintiff Funds for the time period of April 1, 2015 through December 31, 2018 as revealed by an audit in the amount of $19,788.78.

8.      Through the date of this Declaration, the amounts stated in ¶ 7 of this motion remain unpaid.

9.      The Defendant is obligated to pay liquidated damages in the amount of eight percent and interest at the rate of three percent plus prime pursuant to the Collective Bargaining Agreement. To date, the Trust Fund has incurred liquidated damages in the amount of $1,583.10 and $4,543.06 in interest.

I declare under penalty of perjury that the foregoing is true and correct.

3

Dated: <u>July 14, 2020</u>  Signature: <u>/s/ Anthony Rottman</u>