**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., PLUMBERS' RETIREMENT SAVINGS PLAN FUND, LOCAL 130, U.A., and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND, <br><br> Plaintiffs, <br><br> v. <br><br> STARR PLUMBING, INC, <br><br> Defendant. | Case No.: 19 CV 6670 <br><br> Honorable Judge Pacold <br><br> Magistrate Judge Cummings |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW, Defendant in the above-styled case and files this response in opposition to Plaintiffs" motion to compel as follows:

### INTRODUCTION

Despite the strident protestations of Plaintiff's counsel, the Defendant has not engaged in any willful conduct that would justify the relief requested. While Defendant concedes that this matter has not progressed as smoothly as either side would have anticipated, this is not solely the responsibility of Defendant.

The Defendants first respond to the Plaintiff's Motion to Compel by stating that despite the protestations and overwrought demands, that all of the reasonably relevant documents to which

the Plaintiff would be entitled under the Civil Practice Act have been produced or offered for production.

Plaintiff's Motion does not place the factual background and the subject discovery requests and responses in their full context. An examination of the circumstances surrounding this motion demonstrates that Plaintiff's motion and the relief sought is unwarranted and unnecessary. Therefore, Plaintiff's motion should be denied.

## STATEMENT OF FACTS

The parties are involved in a dispute under a collective bargaining agreement concerning Defendant's obligation to contribute to the funds on behalf of certain employees. Defendant is an Illinois corporation that was doing business as a plumbing contractor. Defendant's officers are a husband and wife where the husband was a journeyman plumber. The officers are now retired as they are in their mid-60's. In 2013, Defendant deactivated from the Union 130 following Defendant reporting several non-union jobs in Chicago that it was fired from and replaced with non-union plumbers. On belief, Plaintiff did not pursue these complaints. Chicago Journeyman Plumbers' Union, Local 130 is the exclusive bargaining representative for Defendant's journeyman plumbers.

The collective bargaining agreement provides, among other things, that the company must make contributions to certain employee benefit funds on behalf of those employees who perform the tasks set forth in the agreement and who therefore are covered by the agreement. The agreement also provides that " [d]isagreements or disputes and all interpretations of this Agreement shall be settled by arbitration," that " [t]he parties hereto agree that all disputes arising between them shall be submitted to the respective Joint Arbitration Boards," and that any decision of the Board will be "final and binding on the parties hereto."

In 2013, Defendant contacted a union official via email to withdraw its membership from the Local 130 Union. Defendant is not aware that withdrawing from the union requires notice to be effectuated in a specific manner. On belief, Plaintiff never submitted this dispute to a Joint Arbitration Board as required by the Collective Bargaining Agreement.

Plaintiff's auditor, Jen Decker and Defendant's President had several communications regarding the Plaintiff's request for an audit. On February 6, 2019, Defendant informed Ms. Decker that Defendant had no employees, no active plumbing license, no income, and no payroll to report. On February 19, 2019, Ms. Decker requested Defendant's bank records from 2015 to 2018. Some of these bank records were nearly five years old and not readily accessible. On belief, Defendant provided such records. In May 2019, Ms. Decker then requested Defendant's tax returns from 2015 to 2018. On belief, these records were sent to Ms. Decker. Defendant is not aware of any further communications from Ms. Decker.

On or about October 9, 2019, Plaintiff filed the above-captioned suit. Plaintiff maintained that Defendant purposefully avoided service, but never provided copies of the attempted service attempts. Further, Plaintiff was aware that the Defendant's officers do not reside in Illinois during the winter months. Nevertheless, Plaintiff served Defendant through the Secretary of State.

On February 7, 18, and 19, 2020, Defendant sent Plaintiff's counsel copies of Defendant's tax returns for the years of 2013, 2014, 2015, 2016, 2017, and 2018. On February 28, 2020, Plaintiff completed its audit. Plaintiff mailed a copy of the audit to Defendant's old post office box. As such, Defendant never received a copy of the audit. It is unclear why Plaintiff chose to send a copy to that address when it is not Defendant's address listed with the Secretary

of State. Plaintiff's counsel did not send a copy of that audit to Defendant's counsel until on or about July 21, 2020.

When Defendant's counsel spoke with Plaintiff's counsel, she was under the impression that once the tax returns were produced to Plaintiff, the audit could be completed. During this meeting, defense counsel sought to determine from Plaintiff's counsel the particular documents it needed to complete the audit and settle this matter. This meeting was followed by a series of email communications that provided further clarification to defense counsel how to resolve this matter. In late 2020, Defendant contacted Plaintiff's counsel and informed them that she had copies of the bank records, but because of the quality of the documents, were unable to be OCR'd. Defendant's counsel suggested that the bank records be reviewed at her office or Plaintiff's counsel's office and said that she would make herself available to review such documents. Plaintiff's counsel informed her that his wife was having a baby, and that they would be in touch.

## II. ARGUMENT

### A. THE MOTION TO COMPEL SHOULD BE DISMISSED FOR FAILURE TO ENGAGE IN A GOOD FAITH EFFORT TO RESOLVE DISCOVERY DISPUTES.

It is well-established that a "range of choice" exists in how a District Court may rule on a motion to compel. *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989). However, before filing a motion to compel further disclosures or discovery pursuant to Rule 37(a), the aggrieved party must attempt to confer with the unresponsive party in an effort to obtain the desired material without court action. All motions to compel must include a certification that such an effort has been made. Rule 37(d)(1)(B) has a similar requirement for a party who moves for Rule 37(b) sanctions due to an opponent's failure to serve interrogatory answers or to serve a response

to a document request. Plaintiff's Motion to Compel should be dismissed for failure to engage and certify that, prior to filing this motion, counsel for Plaintiff has contacted counsel for Defendants in a good faith effort to resolve the matters in Plaintiff's Motion pursuant to Federal Rule Civil Procedure 37 (a)(1). Fed. R. Civ. P. 37(a)(1) provides, in pertinent part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Here, Plaintiff's counsel dismissed Defendant's counsel's attempts to meet and review the files. Plaintiff's counsel admitted in the February 5, 2021 Joint Status Report that Defendant has indicated that it is in possession of documents responsive to discovery. Moreover, on May 7, 2021, Plaintiff stated in the Joint Status that "Defendant has been delayed in providing Plaintiffs with a copy of the outstanding discovery due to the parties' scheduling issues related to the pandemic."

Prior to filing its Motion to Compel, Plaintiff never sent Defendant a Rule 37 letter, but instead merely sent Emails that it needed responses to the discovery requests. Defendant's counsel responded that she would be available to discuss the scheduling of reviewing the documents at her office. Plaintiff has been aware that the bank records and requested documents have been available at Defendant's counsel's office for several months. To facilitate that, Defendant's counsel even gave Plaintiff's counsel her cell phone to facilitate the scheduling of such a document review. Moreover, Plaintiff's counsel requests documents that far exceed the scope of discovery since it is aware *and* was provided notice in 2013 that Defendant had withdrawn from the Union. Since at least mid-2019, Defendant has provided Plaintiff with ample to give the Plaintiff what it is looking for. Defendant was a "mom and pop" shop that is no longer in operation.

5

Defendant's counsel is handling this matter, pro bono, for her parents. She has a full docket and had several depositions throughout the month of May, a summary judgment response, an appellate brief, among other pleadings and motions. Defendant has made several attempts to discuss the ongoing discovery requests so as to close out this case. Defendant provided the Plaintiff with responses to its Requests for Production on June 25, 2021.

B. **PLAINTIFF'S 30(B)(6) DEPOSITION NOTICE FAILS TO CONFORM TO THE FEDERAL RULES OF CIVIL PROCEDURE**

A party to litigation may issue a notice to a corporate entity or other organization to appear for deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Rule 30(b)(6) provides: "A party may in the party's notice and in a subpoena name as a deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested." Id. The Rule requires the organization to designate one or more persons to testify on its behalf regarding the subject matters identified in the party's requesting notice of deposition. By its language, Rule 30(b)(6) requires that the notice of deposition "describe with reasonable particularity the matters on which the examination is requested." The requesting party should take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Reasonable particularity exists where the notice indicates "the matters which will be inquired into at the deposition…" *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 444 (D.Kan. 2000); Operative Plasterers' & Cement Masons' Int'l Ass'n v. Benjamin, 144 F.R.D. 87, 89-90 (N.D.Ind. 1992) (implying that a notice that describes the subject matter of the proposed examination is reasonably particular). Alternatively, reasonable particularity exists where the

subject matter stated in the notice is "specific and understandable… [and] not unduly broad or abusive." Marker v. Union Fid. Life Ins. Co., 125 F.R.D. 121, 125-26 (M.D.N.C. 1989).

Defendant objects to Plaintiff's Motion to Compel 30(b)(6) testimony because the Plaintiff failed to provide Defendant with any notice of the subject matter, much less provide reasonable particularity on the matters which the examination is requested in violation of the Federal Rules. See Exhibit 1. As such, Defendant could not thoroughly prepare for the deposition as it had no way of knowing what the Plaintiff intended on asking it.

## CONCLUSION

Therefore, based on the foregoing, the Defendant respectfully submit that this Court should deny Plaintiff's Motion. Defendants further submit that they would be receptive to the appointment of a Court Appointed Monitor for the remaining discovery matters should the Court decide that additional oversight of the discovery process is warranted.

Respectfully Submitted,

Gianna Scatchell counsel for Defendant